HON CHARLES S. DOYLE Town Attorney, Philipstown
This is in response to your letter wherein you ask for an opinion of the Attorney General as to whether the Town Supervisor for the Town of Philipstown is recognized as the chief law enforcement officer for purposes of Article 9-A of the General Municipal Law which such Town has no police department. In addition, you ask for an opinion explaining the responsibilities of the Town Clerk under Article 9-A of the General Municipal Law.
Sections 187 and 188, contained within Article 9-A of the General Municipal Law, authorize the legislative body of a city, town or village to provide for the conduct of games of chance by authorized organizations within the territorial limits of such municipality, subject, however, to approval by a majority of the electors voting on such a proposition submitted at a general or special election held within such municipality.
Section 185 of the General Municipal Law, provides in part:
 "* * * It is hereby declared to be the policy of the legislature that all phases of the supervision, licensing and regulation of games of chance and of the conduct of games of chance, should be closely controlled and that the laws and regulations pertaining thereto should be strictly construed and rigidly enforced * * *."
Section 194 of the General Municipal Law, provides in part:
 "1. The officer * * * shall have and exercise rigid control and close supervision over all games of chance conducted under such license * * *."
Section 186 of the General Municipal Law, defines the term "officer" as follows:
 "14. `Officer' shall mean the chief law enforcement officer of a municipality outside the city of New York, or if such municipality exercises the option set forth in subdivision two of section one hundred ninety-four of this article, the chief law enforcement officer of the county."
Subdivision 2 of section 194, provides the option that:
 "2. A municipality may, by local law or ordinance * * * provide that the powers and duties set forth in subdivision one of this section, shall be exercised by the chief law enforcement officer of the county. * * *"
Since the Town of Philipstown has not exercised the option, provided for under subdivision 2 of section 194, the duties of control and supervision of all games of chance under such license would devolve upon the chief law enforcement officer of the town.
Section 150 of the Town Law authorizes the town board of any town to establish a police department and thereafter to designate the supervisor to serve as police commissioner, which person shall have and exercise all powers relative to police matters conferred upon the town board. We find no provisions of law authorizing a town board to designate the town supervisor as the chief law enforcement officer where there is no townpolice department.
In Seaman v Fedourich, 16 N.Y.2d 94 (1965), Judge Fuld stated:
 "It is axiomatic that local governmental units are creatures of, and exercise only those powers delegated to them by, the State (N.Y. Const., art. IX, §§ 1, 2; Municipal Home Rule Law, §§ 10, 11) * * *"
In view of the legislative desire for "rigid control and close supervision" over all games of chance conducted pursuant to Article 9-A of the General Municipal Law, it is our opinion that a town which has not established a police department should exercise the option set forth in subdivision 2 of section 194 making the chief law enforcement officer of the county responsible for supervising such games of chance within such town.
The responsibilities of the Town Clerk under provisions of Article 9-A of the General Municipal Law are commented on in detail in an informal opinion of the Attorney General dated April 15, 1977 and addressed to Hon. Attorney J. Forte, a copy of which is enclosed.
From all of the foregoing, we conclude that the town supervisor, of a town which has not established a police department, is not the chief law enforcement officer of the town for purposes of Article 9-A of the General Municipal Law. A town which has not established a police department should by following proper procedures authorize the chief law enforcement officer of the county to provide all police control required under Article 9-A.